**No. 63354.**—Nanco, Incorporated *v.* United States, protest 236806–K (Los Angeles).

JOHNSON, Judge: This is a protest against the collector's assessment of duty on stone rings imported from the Philippine Islands on October 10, 1946, at 60 per centum ad valorem under paragraph 1527(a) of the Tariff Act of 1930, as

modified. It is claimed that the merchandise is entitled to free entry under paragraph 1615 of said tariff act, as amended, as American goods returned.

At the first hearing, one witness testified on behalf of the plaintiff, and the case was suspended under protest No. 236805–K.

After decision was rendered in that case (*Nanco, Incorporated* v. *United States*, 40 Cust. Ct. 366, C.D. 2007), this case was restored to the calendar, and, at the next hearing, it was stipulated as follows:

\* \* \* that Customs Form 3311, the Affidavit of American Goods Returned, was duly filed within the period permitted by law.

\* \* \* \* \* \* \*

\* \* \* that upon liquidation of the entry duty was assessed by the Collector of Customs upon this merchandise for the reason that no Certificate of Exportation on Customs Form 4467 had been filed by the importer prior to liquidation to establish the fact that the merchandise had been exported from the United States without the payment of any drawback.

\* \* \* \* \* \* \*

\* \* \* that the examiner's return in the alternative of the merchandise the subject of this protest under paragraph 1615, free, or 55 percent [subsequently corrected to 60 percent] under paragraph 1527, indicated that he was unable at the time of importation and examination upon the basis of information then before him to verify the identity of the imported merchandise as American goods returned.

\* \* \* \* \* \* \*

\* \* \* that based upon the advisory description of the merchandise made by the examiner in accordance with Section 500 of the Tariff Act of 1930, as amended, and from an examination of the documentary evidence contained in the entry papers, together with additional documentary evidence thereafter submitted by the plaintiff consisting of bills of sale by which said merchandise was purchased by the plaintiff, and an affidavit of the manufacturer of said rings indicating that said rings were manufactured in the United States of materials of United States origin, the Collector of Customs is now satisfied that said merchandise consists of rings manufactured in the United States by Stern & Stern, Inc. out of material of United States origin and that no foreign material was used in the manufacture thereof.

\* \* \* \* \* \* \*

\* \* \* that by reason of the fact that no imported material was used in the manufacture of said rings it is conceded by the respective parties that no drawback could have been paid upon the exportation of said rings.

\* \* \* \* \* \* \*

\* \* \* that although it was impossible for plaintiff to comply with the provisions of section 10.1 of the Customs Regulations of 1943, as amended, in effect at the time of this importation, by filing said Certificate of Exportation, that the Collector of Customs being now satisfied from the supplemental evidence adduced and submitted by the plaintiff that the rings covered by the entry the subject of this suit were of domestic origin, and that no drawback could have been paid upon the exportation thereof, would now waive the production of that Certificate of Exportation, as permitted under section 10.2 of said Customs Regulations of 1943, as amended, were the entry now before him for review.

\* \* \* \* \* \* \*

\* \* \* that said rings consist of merchandise identifiable as articles manufactured or produced in the United States from domestic material, not including any imported material shipped or taken from the United States without the payment of drawback, and returned to the United States without having been advanced in value or improved in condition.

The documents referred to in the stipulation were incorporated in the record herein as was the record in *Nanco, Incorporated* v. *United States, supra.*

In view of the stipulation and on the authority of the decision in *Nanco, Incorporated* v. *United States, supra,* we hold that the merchandise involved herein is entitled to free entry under paragraph 1615 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, as American goods returned.

Judgment will, therefore, be rendered in favor of plaintiff, directing the collector to reliquidate the entry and refund all duties taken upon such merchandise.